**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

KAMALJIT CHEEMA,

Petitioner,

v.

WARDEN, CALIFORNIA CITY
DETENTION FACILITY, et. al.,

Respondents.

No.  1:26-CV-00203-DC-DMC-HC

FINDINGS AND RECOMMENDATIONS

A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed by Kamaljit Cheema, on behalf of immigration detainee Gupreet Singh. See ECF No. 1.

A "next friend" may, in certain circumstances, bring a habeas petition on behalf of another. Whitmore v. Arkansas, 495 U.S. 149, 161-63 (1990); see also 28 U.S.C. § 2242 ("[a]n application for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). "A 'next friend' does not himself become a party to the habeas corpus action in which he participates but simply pursues the cause on behalf of the detained person, who remains the real party in interest." Id. at 163.  However, "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." Id. For the next friend to establish standing, the Ninth Circuit requires the next friend to show: " (1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to the court, or other similar disability; and (2) the next friend

1

has some significant relationship with, and is truly dedicated to the best interests of, the petition." Coalition of Clergy, Lawyers, and Professors v. Bush, 310 F.3d 1153, 1159-60 (9th Cir. 2002) (citing Massie ex rel. Kroll v. Woodford, 244 F.3d 1192, 1194 (9th Cir. 2001)). The burden is on the next friend to make such a showing. See Whitmore, 495 U.S. at 164. The litigant must clearly and specifically set forth facts sufficient to satisfy the Article III standing requirement because "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." Id. at 155-156.

Here, Cheema did not file a motion to proceed as a next friend but asserts in the petition she is "the mother and next friend of Gupreet Singh." ECF No. 1, pg. 1.  Without more, the petition does not satisfy the required showing to establish standing and therefore, Cheema lacks standing to bring this suit, and it must be dismissed without prejudice. See Pinson v. Blanckensee, 834 F. App'x 427, 428 (9th Cir. 2021) (holding the "district court properly dismissed the action" because the putative next friend "failed to meet the requirements for next-friend standing under § 2242" and as "a non-attorney, cannot represent others in court"); see also United States v. Shatswell, No. 2:12-cr-00271-TLN-CKD-1, 2020 U.S. Dist. LEXIS 17301, 2020 WL 529196, at *2 (E.D. Cal. Feb. 3, 2020) ("[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition."), report and recommendation adopted, No. 2:12-cr-00271-TLN-CKD-1, 2020 U.S. Dist. LEXIS 81023, 2020 WL 2216957 (E.D. Cal. May 7, 2020); see also Hinojosa v. Warden, No. 2:22-cv-1780 DB P, 2023 U.S. Dist. LEXIS 62868 (E.D. Cal. Apr. 10, 2023).

Additionally, even if Cheema filed a motion for "next friend" status with the required information, she would have to be represented by counsel in order to proceed as a "next friend" because pro se litigants have no authority to represent anyone other than themselves. See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself,'" (quoting C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987)); see also Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (nonattorney plaintiff may not attempt to pursue claim on behalf of

others in a representative capacity).

The court also notes that the petition was not signed by the Petitioner, without explanation for why Petitioner was unable to sign it or whether Cheema is authorized to sign it for detainee Singh. See ECF No. 1. However, under Rule 2(c)(5) of the Rules Governing Habeas Corpus Cases Under Section 2254,[1] the petition must "be signed under penalty of perjury by the petitioner or a person authorized to sign it for the petitioner under 28 U.S.C. §2242."

Based on the foregoing, the undersigned recommends that the petition, ECF No. 1, be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 15, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

---

[1] Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all of the rules to other types of habeas corpus petitions including § 2241 petitions.